```
             UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

ISIDRO ALMAZAN RAMIREZ,        )
                               )
        Petitioner,             )   NO. 3:05-0821
                               )   (CRIMINAL CASE
    v.                          )   NO. 3:02-00125)
                               )   JUDGE ECHOLS
UNITED STATES OF AMERICA,      )
                               )
        Respondent.             )

### MEMORANDUM

Pending before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry No. 1) to which the Government has responded in opposition (Docket Entry No. 5) and Petitioner has replied (Docket Entry No. 6).

### I. FACTS

Petitioner was indicted by a grand jury on July 24, 2002, in a multi-defendant, multi-count Indictment relating to the distribution of cocaine. On March 4, 2003, Petitioner entered a Petition to Enter a Plea of Guilty (Criminal Case No. 3:02-00125, Docket Entry No. 99). Petitioner agreed to plead guilty to Count 1 which charged him with conspiring and/or aiding and abetting in the possession with intent to distribute five or more kilograms of a mixture or substance containing cocaine. (Id. ¶ 5).

The Plea Agreement was set forth in a letter attached to the Petition and incorporated therein by reference. In exchange for the concessions made by the Government, including the dismissal of three counts, Petitioner agreed to waive his right to appeal any

1

sentence within the maximum allowed by law, except for any claims of prosecutorial misconduct, ineffective assistance of counsel, or if the Court departed upward from the Sentencing Guidelines. (Id. Plea Agreement Letter, ¶ 13). With identical exceptions, Petitioner "waive[d] the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255." (Id. ¶ 15).

After a Rule 11 colloquy, Petitioner's Petition to Enter a Plea of Guilty to Count 1 was granted and his plea of guilty was accepted by the Court. On October 27, 2003, Petitioner was sentenced to a term of imprisonment of one hundred and twenty months. Petitioner did not appeal his conviction or sentence. On October 17, 2005, Petitioner filed the pending Motion to Vacate, Set Aside or Correct Sentence.

## II. LEGAL ANALYSIS

Petitioner contends his sentence violates the Fifth and Sixth Amendments in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). In that case, the Supreme Court held the Constitution required that any fact that increased a federal defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt.

The Government first asserts that, notwithstanding Booker, Petitioner has waived his right to contest his sentence or the manner in which it was imposed. This Court agrees.

In United States v. Bradley, 400 F.3d 459 (6th Cir. 2005), the defendant entered into a plea agreement whereby he waived his right to appeal his sentence (save for claims of ineffective assistance of counsel or prosecutorial misconduct) but nevertheless appealed his sentence claiming that the sentence imposed violated Booker. In rejecting defendant's contention that he was entitled to relief, the Sixth Circuit wrote:

> the [Supreme] Court has explained that where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature. A valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance.

Id. at 463. The Sixth Circuit noted it was joining four other Circuit Courts of Appeals which had held that where a defendant expressly agreed to waive any right to contest his sentence, Booker does not vitiate that agreement. Id. at 465.

In his Reply, Petitioner cites the recent decision in Halbert v. Michigan, ___ U.S. ___, 125 S.Ct. 2582 (2005) for the proposition that a defendant generally cannot waive a right that did not exist at the time of entry of his plea. (Docket Entry No. 6 at 3). However, Halbert, which dealt with Michigan's policy of not appointing appellate counsel for indigent defendants who desired to appeal after entering a guilty plea, is inapposite for several reasons. As one court has explained:

3

Case 3:05-cv-00821 Document 7 Filed 01/26/06 Page 3 of 6 PageID #: 64

>In Halbert, the Court dealt with an *implicit* waiver that, according to Michigan, necessarily followed from Halbert's *nolo contendere* plea. In contrast, this case involves a plea agreement with an *explicit* waiver of the right to appeal. Moreover, the explicit waiver by [defendant] was part of the consideration for the government's agreement to dismiss the remaining charges in the indictment. Another significant difference is that the Halbert case implicated the criminal defendant's right to counsel, which is a "fundamental constitutional right[ ]" for which the "courts indulge every reasonable presumption against waiver." . . . The waiver that [defendant] challenges, in contrast, deals only with his right to appeal his sentence. Unlike the defendant's right to counsel, the right to appeal is not a fundamental constitutional right. Yet another difference between Halbert and this case is that the Michigan statute found unconstitutional in Halbert implicated concerns with ensuring equal access to the judicial system for indigent defendants.

United States v. Burns, 2005 WL 3388548 (5th Cir. Dec. 13, 2005)(emphasis in original, internal citations omitted). Likewise in this case, Petitioner *explicitly* waived his right to contest his sentence in any collateral proceedings, and the government agreed to dismiss three counts upon Petitioner's agreement to plead guilty to Count 1. Because Petitioner has waived any right to contest his sentence, his Motion to Vacate, Set Aside, or Correct Sentence must be denied.

Even if Petitioner had not waived his right to contest his sentence by virtue of his Plea Agreement, his present claim that he was unlawfully sentenced in light of Booker must be rejected. This is so because his motion is untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners are typically required to file a motion for habeas relief within one year from "the date on which

the judgment of conviction becomes final." 28 U.S.C. §§ 2255. Final means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Moreover, "[a]pplied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence." Flynt v. Ohio, 451 U.S. 619, 620, 101 S.Ct. 1958, 68 L.Ed.2d 489 (1981) (per curiam).

Since Petitioner was sentenced on October 27, 2003 and took no appeal, his conviction became final ten days later. However, Petitioner did not file his present § 2255 motion until October 27, 2005, almost two years too late.

In an effort to excuse this delay, Petitioner argues that since Booker was decided on January 12, 2005, he had until January 12, 2006, within which to file his present motion to vacate. (Docket Entry No. 6 at 7). However, the Sixth Circuit has expressly held that Booker does not apply retroactively to cases final on direct review or to cases on collateral review. Humphress v. United States, 398 F.3d 855, 857 (6th Cir. 2005). Petitioner cannot utilize the date Booker was decided to start the limitations period running anew because Booker simply does not apply to his case.

The Supreme Court's decision in Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478 (2005) does not, as Petitioner suggests, require that Booker be applied to his motion for collateral relief.

5

In Dodd, the Supreme Court resolved a conflict in the Courts of Appeals over when the limitations period in Section 2255, ¶ 6(3) begins to run. That section provides that there is a one year limitations period which runs from the latest of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In this case, while Booker established a new rule, it has not been made retroactively applicable to cases on collateral review. See, United States v. Brower, 2005 WL 2644969 at *2 (10th Cir. 2005)("Dodd concerned AEDPA's one-year limitations period where a newly-recognized right applied retroactively" and "Booker does not apply retroactively"). Accordingly, Dodd is of no assistance to Petitioner and his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" must be denied.

### III. CONCLUSION

On the basis of the foregoing, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry No. 1) will be denied and this case will be dismissed with prejudice.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE